John J. Egbert – 011469
jegbert@jsslaw.com
Keith F. Overholt - 007473
koverholt@jsslaw.com
Kami M. Hoskins - 026271
khoskins@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for the AGC Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| International Union of Operating Engineers, Local 428, a Labor Organization,<br><br>                    Plaintiff,<br><br>vs.<br><br>Associated General Contractors of America, Inc., Arizona Chapter; Ames Construction, Inc.; Bragg Companies dba Bragg Crane Service; Crane Rental Service, Inc.; HKB, Inc. dba Southwest Industrial Rigging; Klondyke Construction, LLC; Kiewit Western Co.; Marco Crane Rigging Co.; Pulice Construction Inc.; and Royden Construction Co.,<br><br>                    Defendants. | No. 2:12-cv-02071-JAT<br><br><br><br><br>**MOTION TO DISMISS**<br><br>(Oral Argument Requested) |
|---|---|

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., Defendants Associated General Contractors of America, Inc. ("AGC"), Kiewit Western Co., Ames Construction, Inc., Marco Crane Rigging Co., Crane Rental Service, Inc., Bragg Companies dba Bragg Crane Service, HKB, Inc. dba Southwest Industrial Rigging, Pulice Construction Inc., and Royden Construction Co. (collectively, "AGC Defendants") move to dismiss Plaintiff's complaint on the ground that it is barred by the applicable statute of limitations.  The applicable statute of limitations is one year, and Plaintiff

4236998v1(52250.14)

did not commence this action to enforce an arbitrator's award until more than two years after the award was issued.  The AGC Defendants support the Motion with the following Memorandum of Points and Authorities and all matters of record, which are incorporated herein by this reference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.       FACTUAL AND PROCEDURAL BACKGROUND.**

> **A.   The "Favored Nations" Provision of the AGC Collective Bargaining Agreement Came Into Play When the Union Agreed to Lower Wage Rates With Other Contractors.**

This dispute arises out of a series of collective bargaining agreements (collectively, the "AGC Agreement") covering the time period of June 23, 2005 through May 31, 2011, between the Union and AGC as the representative of the AGC Defendants and Klondyke, Inc. (collectively, the "AGC Contractors").

The AGC Agreement provided for negotiated increases in employee wages and benefits beginning on June 16, 2008.  The AGC Contractors paid these negotiated increases through May 31, 2009. (Complaint, ¶ 15).  The AGC Agreement, however, also included a "Favored Nations" provision, which protected the AGC Contractors from paying employee wages which are higher than wage rates enforced upon other contractors performing similar work.  Specifically, Article 104.1 of the AGC Agreement states:

> Other Contractor's Rates.  In no event shall the Contractor be required to pay higher rates of wages, or be subject to more unfavorable working rules than those established by the Union for any other Contractor engaged in similar work in Arizona.  However, the Crane Rental Addendum and project agreements shall not be considered as doing "similar work", and accordingly, the first sentence in this paragraph shall not apply to such agreements, provided Contractor has the opportunity to sign all such agreements.  No project agreement with more favorable conditions than those specified in this agreement will be given to any contractor doing similar work without first being given written notice to the respective employer association at least 60 days prior the bid date of the project in question.

(*See* Complaint, Exhibit C, ¶ 3).

During the summer of 2008, the Union entered into negotiations with another contractor group (the "Wheeler Group"), who was party to a collective bargaining agreement that is similar but not identical to the AGC Agreement. This collective bargaining agreement covered the period of June 1, 2005 through May 31, 2008 (the "Wheeler Agreement") (Complaint, Exhibit C, ¶ 6). The Union and the Wheeler Group did not reach an agreement before the Wheeler Agreement expired on May 31, 2008. (Complaint, Exhibit C, ¶ 7). Instead, the parties entered into a series of one-month extensions through at least early 2010 while they continued to negotiate. During these extensions, each of the contractors in the Wheeler Group paid wage rates and benefit levels in effect as of June 1, 2007. (Complaint, Exhibit C, ¶ 7).

The AGC Contractors learned that the Union entered into 22 consecutive one-month collective bargaining agreements with four (4) general contractors including contractors in the Wheeler Group, which provided for more favorable wages and benefit contributions rates than those rates set forth in the AGC Agreement. (Complaint, Exhibit C, ¶ 7). These rogue collective bargaining agreements were egregious violations of the Favored Nations provision of the AGC Agreement. Therefore, by letter dated May 29, 2009, AGC Contractor Pulice Construction Company, Inc. exercised its rights and notified the Union that it was delaying all wage adjustments scheduled to take effect June 1, 2009 under the AGC Agreement, until the parties could re-evaluate market conditions. (Compliant at ¶ 16). By letter dated June 3, 2009, AGC President David Martin also notified the Union that the AGC Contractors who had assigned their bargaining rights to AGC were invoking the Article 104.1 Favored Nations provision of the AGC Agreement and that the contractors would not pay the wage and benefit increases scheduled to take effect on June 1, 2009. (Complaint, ¶ 17). The AGC Contractors did not implement the wage and benefit increases due on June 1, 2009 because the Union was in clear violation of the AGC Agreement.

**B.    The Parties Arbitrate the Dispute, and the Union Files This Suit to Enforce the Arbitration Award Over Two (2) Years Later.**

On June 18, 2009, the Union filed a grievance against the AGC Contractors contending that they violated the AGC Agreement by failing to pay the wage and benefit increases due on June 1, 2009. (Complaint, at ¶ 19).  By letter dated August 19, 2009, the Union demanded the AGC Contractors arbitrate the dispute.  George E. Marshall, Jr., Esq. (the "Arbitrator") served as arbitrator, and the parties participated in arbitration on February 16, 2010.  (Complaint, ¶ 21).

The Arbitrator issued the *Arbitrator's Opinion* and the *Arbitrator's Award* on July 9, 2010 (the "Arbitration Award").  (Complaint, Exhibit C).  The Arbitrator found in favor of the Union and awarded the Union retroactive payment of wages and benefits increases due June 1, 2009 and June 1, 2010.  Over two (2) years later, the Union filed this lawsuit on September 28, 2012, attempting to force the AGC Contractors to comply with the Arbitration Award [Dkt. #1].

## II.    LEGAL ARGUMENT.

Under FED. R. CIV. P. 12(b)(6), a defendant may move to dismiss a claim if the plaintiff fails to state a claim upon which relief can be granted.  A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations when "the running of the statute is apparent on the face of the complaint."  *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (affirming dismissal of case because action was time barred under state statutes of limitations).  Here, the Arbitrator's Opinion and the Arbitrator's Award attached to the complaint show on their face that they were issued more than two years before the Union commenced this action.  As set forth more fully below, the Union can show no facts to support that it timely filed its claims to confirm the Arbitration Award.

The Union filed this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA").  (Complaint at ¶ 1).  Section 301 authorizes federal district

courts to enforce an arbitration award entered pursuant to a collective bargaining agreement.  *See* 29 U.S.C. § 185(a); s*ee also Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 10CV1671 JLS WMC, 2011 WL 31068 (S.D. Cal. Jan. 5, 2011).  The LMRA states in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

*See* 29 U.S.C. § 185(a).

Congress did not enact a statute of limitations for claims asserted under LMRA § 301.  *See San Diego County Dist. Council of Carpenters of United Broth. of Carpenters & Joiners of Am. v. Cory*, 685 F.2d 1137, 1139 (9th Cir. 1982).  When Congress does not provide a statute of limitations for a federal cause of action, federal courts usually borrow the forum state's "most closely analogous statute of limitations under state law."  *See Sheet Metal Workers Int'l Assoc., Local Union 150 v. Air Sys. Engineering, Inc*., 831 F.2d 1509, 1511 (9th Cir. 1987).  An exception arises when the state's statute of limitations "unduly qualifies or diminishes the federal right the cause of action seeks to protect."  *Cory*, 685 F.2d at 1139.

Here the "most closely analogous" Arizona statute of limitations is the one year limitations period in A.R.S. § 12-541(3), which applies to actions "[f]or breach of an oral or written employment contract."  It is beyond dispute that the Union did not commence this action within one year after the Arbitrator's award issued.[1]

---

[1]  Significantly, the Federal Arbitration Act ("FAA") also provides that parties to an arbitration may ask a court to confirm an arbitrator's award "at any time within one year after the award is made."  9 U.S.C. § 9; *see also FIA Card Services, N.A. v. Gachiengu*, 571 F. Supp.2d 799 (S.D. Tex. 2008) (FAA's one-year time period for seeking confirmation of arbitration award is a mandatory statute of limitations).

**III.**   **CONCLUSION**.

        For the reasons discussed above, the AGC Defendants respectfully request the

Court enter an Order dismissing the case with prejudice and granting the AGC

Defendants' their attorneys' fees and costs incurred in defending this action.

        RESPECTFULLY SUBMITTED this 16th day of November, 2012.


                                **JENNINGS, STROUSS & SALMON, P.L.C.**



                                By  s/ John J. Egbert
                                    John J. Egbert
                                    Keith F. Overholt
                                    Kami M. Hoskins
                                    *Attorneys for AGC Defendants*

COPY of the foregoing filed
electronically with court's CM/ECF
system on this 16th day of November,
2012 and a COPY mailed
to:

The Honorable James A. Teilborg
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 523
401 West Washington Street, SPC 51
Phoenix, AZ 85003-2156

COPY of the foregoing served on the
following through the Court's
CM/ECF system this 16th day of
November, 2012:

Michael J. Keenan, Esq.
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Ave., Ste. 1720
Phoenix, AZ 85012
mkeenan@wardkeenanbarrett.com
*Attorneys for the Plaintiff*

Thomas J Kennedy
SHERMAN & HOWARD LLC
7033 E Greenway Pkwy., Ste. 250
Scottsdale, AZ 85254
*Attorneys for Defendant Klondyke Construction LLC*


        s/ Cris Gentis