1  WO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| International Union of Operating Engineers, Local 428, a Labor Organization,<br><br>Plaintiff,<br><br>vs.<br><br>Associated General Contractors of America, Inc., Arizona Chapter; Ames Construction, Inc.; Bragg Companies dba Bragg Crane Service; Crane Rental Service, Inc.; HKB, Inc. dba Southwest Industrial Rigging; Klondyke Construction, LLC; Kiewit Western Co.; Marco Crane Rigging Co.; Pulice Construction Inc.; Royden Construction Co.,<br><br>Defendants. | No. CV 12-2071-PHX-JAT<br><br>**ORDER** |

Previously, all Defendants moved to dismiss (Docs. 25 and 29). Thereafter, nine Defendants settled with Plaintiff; thereby mooting the motion at Doc. 25. Defendant Klondyke Construction did not settle; therefore its motion (Doc. 29) remains pending. At oral argument on July 24, 2013, Klondyke's counsel incorporated the arguments made in the other Defendants' motion as his own (in addition to the arguments made in Doc. 29). Therefore, the Court will consider the substance of both motions, below, even though Doc. 25 is now moot. Both motions seek dismissal on statute of limitations grounds.

## I. BACKGROUND

Plaintiff and Defendants have been party to a series of collective bargaining agreements for the period June 16, 2008 through May 31, 2011 (collectively referred to as the "AGC Agreement"). (Plaintiff's Complaint at ¶ 13). The AGC Agreement provided for wage and benefit increases to go into effect on June 1, 2009 and June 1, 2010. (*Id.* at ¶ 15). In May and June of 2009, however, Defendants informed Plaintiff that they would not pay the wage and benefit increases scheduled for June 1, 2009. (*Id.* at ¶ 16, 17). On June 18, 2009, Plaintiff filed a grievance against Defendants asserting that they had violated the AGC Agreement. (*Id.* at ¶ 19).

The dispute between Plaintiff and Defendants went to arbitration in accordance with the AGC Agreement. (*Id.* at ¶ 20). On July 9, 2010, the arbitrator issued his Award and his Opinion. (*Id.* at ¶ 23). Having found in favor of Plaintiff, the arbitrator awarded Plaintiff the retroactive payment of the wage and benefit increases scheduled for June 1, 2009 and June 1, 2010. (*Id.* at ¶ 23).

On September 28, 2012, Plaintiff filed its Complaint seeking judicial enforcement of the arbitration award. Defendant Klondyke now moves to dismiss on the basis that Plaintiff filed its Complaint outside the applicable statute of limitations.

## II. ANALYSIS

### A. Statute of Limitations Governing Section 301

This Court has jurisdiction to hear this case because "Section 301 of the Labor Management Relations Act [LMRA] authorizes the district courts to enforce or vacate an arbitration award entered pursuant to a collective bargaining agreement." *Sheet Metal Workers International Association Local Union No. 359 v. Madison Industries, Inc. of Ariz.*, 84 F.3d 1186, 1190 (9th Cir. 1996). "There is no federal statute of limitations directly applicable to § 301. In such situations, courts usually borrow the most closely analogous statute of limitations under state law." *Sheet Metal Workers International Association, Local Union 150 v. Air Systems Engineering, Inc.*, 831 F.2d 1509, 1511 (9th Cir. 1987) (citing *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158 (1983)).

### B. The Parties' Positions

Plaintiff and Defendant argue different statutes of limitations govern this case. Specifically, Defendant suggests that the "most closely analogous" statute under Arizona law is A.R.S. § 12-541(3), which provides for a one-year statute of limitations in actions for "breach of an oral or written employment contract." Defendant further suggests that the Federal Arbitration Act's (FAA) one-year statute of limitations adds support to its conclusion that a one-year period is appropriate here. Conversely, Plaintiff argues that the Arizona Uniform Arbitration Act (AUAA) provides the applicable statute of limitations in this case.

### C. Defendant's Arguments

Defendant argues that the Court should apply a one-year statute of limitations here because A.R.S. § 12-541(3) and the FAA contain one-year statutes of limitations. Defendant has not cited any case in which A.R.S. § 12-541(3) has been applied to an action for enforcement of an arbitration award, nor has the Court found any such case. Defendant bolsters its argument in favor of a one-year statute of limitations by discussing the FAA's one-year statute of limitations, arguing that it should guide this Court's decision.

The Court is not persuaded by Defendant's reliance on the FAA's one-year statute of limitations as evidence that A.R.S. § 12-541(3) is the most closely analogous statute of limitations. In a Ninth Circuit case, the Court of Appeals stated, "Public policy favors enforcement of arbitration awards because they promote the quick and final resolution of labor disputes." *Air Systems Engineering*, 831 F.2d at 1512. Thus, the Court's public policy discussion would favor a longer statute of limitations. The Court also listed examples of various statutes of limitations for the confirmation[1] of arbitration awards, including both the FAA's one-year limit and the absence of a limit under Arizona law. *Id.* at 1512 n. 5. Any

---

[1] Although an action for enforcement of an arbitration award is not identical to an action for confirmation of an award, the result of an enforcement action is the same as the result of a successful confirmation action. The distinction is not significant when a court is merely applying the most closely analogous statute of limitations. *See Air Systems Engineering*, 831 F.2d at 1512-1514 (discussing various statutes of limitations for confirmation of awards in a case involving enforcement of an arbitration award).

1  guidance provided by the Court of Appeals does not suggest that this Court should apply a
2  shorter statute of limitations but rather a longer one, as indicated by the Court's discussion
3  of Arizona law in *Air Systems Engineering*.

4  Defendant also argued that this Court should directly apply the statute of limitations
5  of the FAA in this case. Although federal courts generally apply state statutes of limitations
6  to cases brought under § 301 of the LMRA, the Supreme Court has applied the FAA statute
7  of limitations to actions to vacate arbitration awards when the plaintiff filed suit against both
8  his employer and his union. *DelCostello*, 462 U.S. at 172. But this holding only applies to
9  a specific type of case, not to all cases brought under § 301. The Ninth Circuit has stated,
10 "We do not read *DelCostello* . . . as premised solely on the goal of maintaining uniformity;
11 we merely view [it] as crafting limited rules in order to facilitate the filing of hybrid actions."
12 *Prazak v. Local 1 International Union of Bricklayers and Allied Crafts*, 233 F.3d 1149, 1152
13 (9th Cir. 2000). The FAA's one-year statute of limitations does not apply here, because this
14 is not the hybrid situation present in *DelCostello*.

15 Accordingly, the Court rejects Defendant's arguments that a one-year statute of
16 limitations is applicable in this case.

### D.    Plaintiff's Argument

18 Plaintiff argues that the AUAA provides the most closely analogous statute of
19 limitations here. The AUAA section on confirmation of arbitration awards is codified in
20 A.R.S. § 12-1511. Unlike the AUAA provisions for modifying, correcting, or vacating an
21 arbitration award, the provision for confirming an award does not identify a statute of
22 limitations for such actions. *Compare* A.R.S. § 12-1511 *with* § 12-1513. Arizona courts have
23 interpreted the absence of an explicit statute of limitations in § 12-1511 to mean that there
24 is no deadline for actions to confirm an arbitration award. *See e.g. Fisher on Behalf of Fisher*
25 *v. National General Insurance Co.*, 965 P.2d 100, 103 (Ariz. App. 1998).[2] The Court agrees

---

[2] Despite the finding in *Fisher*, Plaintiff does not ask this Court to hold that it had an
28 unlimited amount of time to seek enforcement of the arbitration award. Rather, Plaintiff

- 4 -

with Plaintiff that A.R.S. § 12-1511 is the most closely analogous statute of limitations for arbitration enforcement cases brought in Arizona.

Defendant argues that the AUAA does not apply to this case because A.R.S. § 12-1517 states that the Act does not apply to arbitration agreements regarding employment. Federal courts ruling on cases brought under § 301 of the LMRA, however, do not decide those cases under state law: they merely "borrow the most closely analogous statute of limitations under state law." *Air Systems Engineering*, 831 F.2d at 1511. Section 12-1511 is the most closely analogous Arizona statute of limitations, regardless of § 12-1517's exception. Furthermore, the Ninth Circuit Court of Appeals has already applied the statute of limitations from the AUAA to an action involving an arbitration award entered pursuant to a collective bargaining agreement. *Sheet Metal Workers International Association, Local No. 359, AFL-CIO v. Ariz. Mechanical & Stainless, Inc.*, 863 F.2d 647, 650-651 (9th Cir. 1988). This Court will reach the same result in this case.

### III.  CONCLUSION

Based on the foregoing, the Court rejects Defendant's arguments that an action to enforce an arbitration award is subject to a one-year statute of limitations. Further, the Court finds that Plaintiff brought this action well with the four-year statute of limitations of A.R.S. § 12-550 and certainly within § 12-1511's unlimited period. Accordingly, Plaintiff's complaint is timely. Therefore,

/ / /

/ / /

/ / /

---

suggests that Arizona's general limitation statute, A.R.S. § 12-550, provides the applicable statute of limitations because § 12-1511 does not give one. Section 12-550 states, "Actions other than for recovery of real property for which no limitation is otherwise prescribed shall be brought within four years after the cause of action accrues, and not afterward." This Court need not decide presently whether an action to enforce an arbitration award can be brought at any time or must be brought within four years, because Plaintiff filed well within § 12-550's four-year period.

- 5 -

1    **IT IS ORDERED** Defendant Klondyke's Motion is Dismiss/Motion for Summary
2 Judgment (Doc. 29) is denied.  Due to the settlement with the remaining Defendants, the
3 other Motion to Dismiss (Doc. 25) is denied as moot.

4    DATED this 16th day of August, 2013.

James A. Teilborg
Senior United States District Judge